UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN NATIONAL LIFE INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> ROMA WOLDEMARIAM, et al., <br><br> Defendants. | Case No.: 11-cv-06668-YGR <br><br> **ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Western National Life Insurance Company filed a Complaint for Interpleader and Declaratory Relief on December 28, 2011. (Dkt. No. 1.) By this action, Plaintiff seeks a judicial determination of the rights and obligations of each of the parties with respect an annuity. (Compl. ¶ 33.) Defendant Roma Woldemariam, a/k/a Roma Mengesha ("Roma"), has filed the pending Motion for Judgment on the Pleadings ("Motion" or "Mot.") (Dkt. Nos. 42 & 43) on the ground that: (i) she is the sole living named beneficiary of the annuity; and (ii) that Defendant Letengus Russom Woldemicael ("Letengus") is not a named beneficiary and has no basis for her claim to the annuity proceeds because she is the omitted spouse of the decedent under California law. Plaintiff filed a Response and Statement of Non-Opposition to Defendant Woldemariam's Motion for Judgment on the Pleadings. (Dkt. No. 46.) No opposition has been filed by Yohannes Russom Woldemicael ("Yohannes"), who is a defendant in this action as the power of attorney for Letengus.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Plaintiff's Motion for Judgment on the Pleadings.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on January 15, 2013, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the January 15, 2013 hearing.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

This action centers on the proceeds of an annuity held by the decedent, Nega Medhin ("Nega"). Nega entered into an agreement in settlement of certain personal injury claims on or about August 5, 1985. (Compl. ¶ 11.) As part of the settlement and under Western National Life Insurance Company Annuity No. 288,204 ("Annuity"), Nega became entitled to periodic payments through the year 2030. (*Id.* ¶¶ 9 & 11.) The Annuity provided that any payments to be made pursuant to the Annuity after the death of Nega shall be made to two beneficiaries: (i) Roma, Nega's mother; and (ii) Berhe Gebre-Medhin ("Berhe"), Nega's father. (*Id.* ¶¶ 13 & 14.) The Annuity provided that if Berhe predeceased Roma, all payments under the Annuity shall be made to Roma. (*Id.* ¶ 14.)

Letengus was the wife of Nega. (Compl. ¶ 10; Answer of Yohannes Woldemicael as the Power of Attorney for Letengus Russom Woldemicael to the Complaint for Interpleader and Declaratory Relief ("Yohannes' Answer") ¶ 10 (Dkt. No. 41).) Nega died on April 2, 2008. (Compl. ¶ 15.) In Nega's probate action in Alameda County Superior Court, Letengus was adjudicated an omitted spouse under California Probate Code section 21610 and was awarded one-half of Nega's estate. (Mot. at 3 n.1.)

On proof of Nega's death, the life contingent payments ceased and the remaining guaranteed payments due under the Annuity became payable to the named beneficiary under the Annuity. (Compl. ¶ 15; Yohannes' Answer ¶ 15.) Nega's father, Berhe, had died prior to Nega's death. (Compl. ¶ 16.) Thus, Roma is the sole living designated beneficiary of the Annuity. (*Id.* ¶¶ 14 & 16.) Roma submitted to Plaintiff a Proof of Death Claimant's Statement dated April 22, 2008, claiming an interest in the Annuity proceeds. (*Id.* at ¶ 16.) Letengus, through her brother Yohannes, also asserted a claim to the annuity on June 23, 2008. (Compl. ¶ 17; Yohannes' Answer ¶ 17.)

Plaintiff filed this action on December 28, 2011. The Answer of Roma Woldemariam to Complaint for Interpleader and Declaratory Relief was filed on January 23, 2012. (Dkt. No. 7.) The Clerk of this Court entered default against Yohannes, in his capacity as the Power of Attorney for Letengus, on May 21, 2012. (Dkt. No. 25.) Plaintiff filed a motion for default judgment against Yohannes on June 21, 2012. (Dkt. No. 27.) No opposition was filed, but on the day prior to the hearing date, Yohannes—with the assistance of counsel—filed a Motion to Set Aside Default. (Dkt.

No. 33.) The substantive bases for Yohannes' Motion to Set Aside Default were that: (i) Yohannes only recently obtained counsel; and (ii) "Letengus was found to be an omitted spouse in [Nega's] probate action," and Yohannes believed that "there is good cause for the court to find that Letengus is an omitted spouse in relation to the Annuity herein as well." (*Id.* at 3.)

Plaintiff did not oppose the Motion to Set Aside Default, but Roma did oppose. (Dkt. Nos. 35 & 36.) Roma argued that Yohannes and Letengus could not prevail under an omitted spouse theory in California because an annuity does not become part of a decedent's estate and the property passed to Roma immediately upon Nega's death. (*See* Dkt. No. 36 at 3–6.) Ultimately, the Court set aside the default entered against Yohannes and permitted Yohannes to file an answer in this action. (Dkt. No. 40.) The Court stated that the issues raised by the parties, namely the omitted spouse issue, could be raised by a motion for judgment on the pleadings or an early summary judgment motion. (*Id.*) The Answer of Yohannes Woldemicael as the Power of Attorney for Letengus Russom Woldemicael to the Complaint for Interpleader and Declaratory Relief was filed on October 24, 2012. (Dkt. No. 41.)

Thereafter, Roma filed the pending Motion. Although Yohannes was represented at the time he filed the Motion to Set Aside Default (and argued that the length of time that it took to find counsel constituted good cause to set aside the default), he is currently representing himself. (Dkt. Nos. 45, 49 & 51.) On a response to an order to show cause by his former counsel, Roger Meredith ("Meredith"), Meredith stated that the retainer agreement with Yohannes included a provision that Yohannes would sign a substitution of counsel if it was determined that there was no legal basis to assert his claim. (Dkt. No. 49 at 4.) As a result of researching applicable law, Meredith determined that the above condition of continued representation was not met and sought for Yohannes to sign the substitution of counsel. (*Id.*) According to Meredith, he advised Yohannes of his opposition deadline on the pending Motion after Yohannes signed the substitution of counsel, but Yohannes did not respond to those messages. (*Id.* at 5.) Yohannes' opposition was due December 4, 2012, but no opposition has been filed to date.

## II. DISCUSSION

### A. Legal Standard

Under Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Munoz v. Fin. Freedom Senior Funding Corp.*, 567 F. Supp. 2d 1156, 1158 (C.D. Cal. 2008); Fed. R. Civ. P. 12(c). The applicable standard is essentially the same as a motion to dismiss for failure to allege facts sufficient to state a claim under Rule 12(b)(6). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. Whether Letengus Has a Viable Claim to the Annuity as an Omitted Spouse

As Plaintiff noted, Letengus was adjudicated to be Nega's omitted spouse under California Probate Code section 21610 ("Section 21610"). (Mot. at 3 n.1.) Section 21610 provides as follows:

> [I]f a decedent fails to provide in a testamentary instrument for the decedent's surviving spouse who married the decedent after the execution of all of the decedent's testamentary instruments, the omitted spouse shall receive a share in the decedent's estate, consisting of the following property in said estate: . . .
>
> (c) A share of the separate property of the decedent equal in value to that which the spouse would have received if the decedent had died without having executed a testamentary instrument, but in no event is the share to be more than one-half the value of the separate property in the estate.

A decedent's "estate" includes "a decedent's probate estate and all property held in any revocable trust that becomes irrevocable on the death of the decedent." Cal. Prob. Code § 21601(b).

The California Probate Code also provides that "provision for a nonprobate transfer on death in an insurance policy, contract of employment, bond, mortgage, promissory note, certificated or uncertificated security, account agreement, custodial agreement, deposit agreement, compensation plan, pension plan, individual retirement plan, employee benefit plan, trust, conveyance, deed of gift,

marital property agreement, or other written instrument of a similar nature *is not invalid because the instrument does not comply with the requirements for execution of a will*, and this code does not invalidate the instrument." Cal. Prob. Code § 5000(a) ("Section 5000") (emphasis supplied). This includes "[a] written provision that money or other benefits due to, controlled by, or owned by a decedent before death shall be paid after the decedent's death to a person whom the decedent designates either in the instrument or in a separate writing, including a will, executed either before or at the same time as the instrument, or later." Cal. Prob. Code § 5000(b)(1). The 1992 Supplementary Law Revision Commission Comment states that Section 5000 is "intended broadly to validate written instruments that provide for nonprobate transfers on death" and that the listing of types of written instruments therein "is not exclusive."

Roma argues that a decedent's probate estate does not include interests which terminate upon death, *e.g.*, due to the right of a named beneficiary to funds upon death of the trustor. (Mot. at 5.) Specifically, when a decedent grants survivorship rights in property to a third party through execution of a beneficiary designation, such as an insurance policy or annuity, the property does not become part of the decedent's estate—rather, the terms of the document govern in contract, and the property passes to the designated beneficiary upon the decedent's death. (Mot at 7.) As such, Roma is entitled to the Annuity funds as the sole named beneficiary and Letengus has no valid claim as an omitted spouse. (*Id.*)

The Court agrees with Roma. "[A]nnuity contracts . . . fit the broad description of section 5000 and the written instructions for payment to the survivor upon the death of the other owner or spouse should be given effect." *Estate of Petersen*, 28 Cal. App. 4th 1742, 1751 (Cal. Ct. App. 1994.) In *Peterson*, the Court of Appeal held that "[t]he language in the annuity contracts which provides for payment to the survivor upon the death of the other owner or spouse is sufficient to establish a nonprobate transfer of funds to respondent." *Id.* at 1753; *see Estate of Allen*, 12 Cal. App. 4th 1762, 1767–68 (Cal. Ct. App. 1993) (court's holding that "a Totten trust fund account is not part of the trustee's estate upon his or her death [] is consistent with general case law holding a decedent's estate does not include interests which terminate upon his or her death, e.g., due to a survivorship right in a third party or due to the right of a named beneficiary to funds upon death of the trustor"); *cf. Estate of*

*Davis*, 171 Cal. App. 3d 854, 857–58 (Cal. Ct. App. 1985) (with regard to a custodial IRA, title vested in respondent upon decedent's death and "his designation as beneficiary . . . became complete upon the death of decedent").

For these reasons, the Court holds that Section 5000 does not invalidate the transfer of proceeds to named beneficiary Roma under the Annuity. The naming of Roma as beneficiary of the Annuity was clear and explicit, and the proceeds did not become part of Nega's estate upon death. Rather, the transfer to Roma as beneficiary was completed upon Nega's death. As such, Letengus' claim to the Annuity as an omitted spouse under Section 21610 fails.

Because there is no other ground for claim to the Annuity proceeds based on Yohannes' Answer and no opposition has been filed, the Court finds there is no valid basis for Letengus to recover any portion of the Annuity funds. For the reasons stated herein, Roma's Motion for Judgment on the Pleadings is **GRANTED**. Because of Yohannes' failure to timely respond to the Motion and the extreme delay with which he has acted throughout this litigation, and because the omitted spouse argument was the sole "meritorious defense" raised in the Motion to Set Aside Default, the Court believes amendment of Yohannes' Answer will be futile. As such, this Court's Order is **WITHOUT LEAVE TO AMEND**.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Roma Woldemariam's Motion for Judgment on the Pleadings. Plaintiff and Roma shall meet and confer regarding a proposed form of judgment. They shall make good faith efforts to obtain Yohannes' approval as to form before submitting it to the Court.

This Order terminates Dkt. No. 42. As stated, *infra*, the hearing on January 15, 2013 is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 8, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**